UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

DEAN MUCZYNSKI
*On behalf of himself
and others similarly situated*

    Plaintiff

-vs-

UAG MICHIGAN T1, LLC,
d/b/a Rinke Toyota

    Defendant

**02 - 74041**

JULIAN ABELE COOK

Case No.
Hon.
**DEMAND FOR JURY TRIAL**

MAGISTRATE JUDGE SCHEER

Ian B. Lyngklip (P-47173)
Lyngklip & Taub Consumer Law Group, PLC
Attorney For Dean Muczynski
24500 Northwestern Highway, Suite 206
Southfield, MI 48075
(248) 746-3790

FILED
2002 OCT -9 P 4: 16
U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

## COMPLAINT

*Dean Muczynski the following claims for relief:*

## INTRODUCTION

1.    This complaint is filed under the Truth In Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*;

for violations of the Michigan Consumer Protection Act, M.C.L. § 445.901 *et seq*; for

violations of the Motor Vehicle Sales Finance Act (MVSFA), M.C.L. § 492.101 *et seq.* and

for violations of the Credit Reform Act, M.C.L. § 445.1851 *et seq.* by Rinke Toyota; .

## JURISDICTION

2.    This court has jurisdiction under the Truth In Lending Act, 15 U.S.C. § 1640(e) and 28

U.S.C. §§ 1331,1337.

3.    This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. § 1367.

## PARTIES

4.    Dean Muczynski brings this complaint on his own behalf and as representative on behalf of similarly situated individuals pursuant to Fed. R. Civ. P. 23

5.    The Defendants to this lawsuit is UAG Michigan T1, LLC ("Rinke Toyota") which is a corporation doing business in Michigan at 25420 Van Dyke, Centerline, MI 48015, and which by statute and condition of licensing, may be served through the Secretary of State, Compliance and Rules Division, 208 N. Capitol, Lansing, MI 48918-2170.

6.    At all relevant times Rinke Toyota -- in the ordinary course of its business -- regularly extended or offered consumer credit for which a finance charge is, or may be imposed or which, by written agreement is payable in more than 4 installments and is the person to whom the transaction which is the subject of this action is initially payable.

7.    Rinke Toyota is a "creditor" under TILA, 15 U.S.C. § 1602(f) and regulation Z § 226.2(a)(17).

8.    Rinke Toyota is engaged in trade or commerce as that term is defined in M.C.L. § 445.902.

9.    Rinke Toyota is "regulated lender" as that term is defined in the Credit Reform Act, M.C.L. § 1851 *et seq.*

## VENUE

10.    The transactions and occurrences which give rise to this action occurred in Macomb

County.

11.     Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

12.     On or about October 26, 2001, Mr. Muczynski went to the business place of Rinke

        Toyota for the purpose of purchasing a vehicle.

13.     Mr. Muczynski executed a purchase agreement with Rinke Toyota for a 2002 Toyota

        Pick-Up 4WD, VIN# 5TEPM62N52Z886575 ("the vehicle").

14.     At that time, Mr. Muczynski also executed a retail installment contract under which

        Rinke Toyota extended credit to Mr. Muczynski.

15.     The retail installment contract provided by Rinke Toyota included the disclosures which

        TILA required that Rinke Toyota give Mr. Muczynski.

16.     Rinke Toyota provided Mr. Muczynski with a copy of the retail installment contract

        following its execution.

17.     In that retail installment contract, Rinke Toyota imposed a charge of $40.00 for a

        documentary fee authorized under the MVSFA.

18.     Because the documentary fee is specifically authorized under the MVSFA – the principal

        law governing the preparation of financing documents for motor vehicle sales – that fee

        is an incident of credit, and therefore a finance charge as that term is defined in 15 U.S.C.

        § 1605(a); Regulation Z, 12 C.F.R. § 226.4.

19.     Rinke Toyota improperly itemized this documentary fee as an "amount financed" rather

        than as a "finance charge" in violation of TILA.

20.     Mr. Muczynski also purchased an extended service contract at the time  purchased the

vehicle and financed that purchase under the installment contract for the vehicle.

21.   Rinke Toyota charged Mr. Muczynski a sum in excess of the cost of that service contract.

22.   The amount retained by Rinke Toyota for the service contract in excess of the cost of that service contract constitutes a charge not authorized by the MVSFA, M.C.L. § 492.101 *et seq.*

23.   Consequently, the amount retained by Rinke Toyota for the service contract in excess of the cost of the service contract constitutes and excessive fee under the CRA, M.C.L. § 445.1852(f).

24.   Mr. Muczynski traded in a 2000 Honda Civic VIN # 1H GEM1158YL012550 to obtain the vehicle.

25.   Rinke Toyota failed to pay off the prior balance of that Honda Civic at the time of purchase and thereby caused damage to Mr. Muczynski and his credit.

## PRACTICES AND POLICIES OF DEFENDANT

26.   Rinke Toyota engaged in the following common practices in relation to Mr. Muczynski and the class members, which practices serve as the basis for this matter to proceed as a class action:

a.   Rinke Toyota regularly fails to provide timely TILA disclosures to its credit customers in violation of TILA, 15 U.S.C. § 1638.

b.   Rinke Toyota regularly imposes upon its credit customers a documentary fee of $40.00 which is expressly authorized as an incident of credit, and which charge is regularly itemized as an "amount financed" rather than as a "finance charge." Consequently, Rinke Toyota regularly fails to correctly disclose to its credit

*Lyngklip & Taub Consumer Law Group, PLC*
*24500 Northwestern Highway, Suite 206, Southfield, MI 48075*

customers the correct "amount financed", "finance charge", or applicable "APR".

c.   Rinke Toyota Regularly fails to inform its credit customers of the true "finance charge", "amount financed", and applicable "APR."

d.   Rinke Toyota regularly imposes upon its retail installment customers a charge in excess of the amount paid for service contracts, which amount is in excess of that permitted by Michigan law.

e.   Rinke Toyota Regularly fails to inform its credit customers that the amount retained in excess of the amount paid for those service contracts is illegal and void.

## VI.   CLASS ALLEGATIONS

27.   This action is brought as a class action on behalf of the following class(es) of individuals

a.   *Class 1 TILA & CPA* – (i) all persons in this state of Michigan (ii) who within the year preceding the filing of this complaint through the date of certification (iii) executed credit agreements with Rinke Toyota; and (iv) who were not given timely copies of their disclosures under TILA.

b.   *Class 2 TILA & CPA* – (i) all persons in this state of Michigan (ii) who executed credit agreements with Rinke Toyota; and (iii) paid a $40.00 documentary fee (iv) whose TILA disclosure do not reflect that documentary fee as a "finance charge."

c.   *Class 3 CRA, MVSFA, & CPA* – (i) all persons who purchase vehicles in the state of Michigan (ii) under retail installment contracts; (iii) who financed service contracts at a cost in excess of that paid by Rinke Toyota for that service contract.

28.   The class of persons to be represented is so numerous that joinder of all members is

impractical.

29.    There are common questions of law and fact which will advance the litigation.

30.    Mr. Muczynski's claims are typical of the claims of all the potential class members. All
       are based on the same legal and remedial theory.

31.    Mr. Muczynski will fairly and adequately protect the interest of the class. Mr. Muczynski
       has retained counsel who is experienced and handling class actions and FDCPA claims.
       Neither Mr. Muczynski nor their counsel have any interests which may conflict with the
       interests of the class.

32.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is
       appropriate in that:

       a.    The questions of law or fact common to the members of the classes predominate
             over any questions affecting an individual member;

       b.    A class action is superior to other available methods for the fair and efficient
             adjudication of the controversy.

33.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also
       appropriate in that defendants have acted on grounds generally applicable to the class
       thereby making appropriate declaratory relief with respect to the class as a whole.

## CLAIMS FOR RELIEF

### COUNT I -- Truth In Lending Act (Class Claim 1)

34.    Rinke Toyota failed to make the disclosures required by 15 U.S.C. § 1638 to Mr.
       Muczynski and the class members in a timely fashion in violation of TILA.

35.    Rinke Toyota is liable to Mr. Muczynski and the class members for statutory damages to

*Lyngklip & Taub Consumer Law Group, PLC*
*24500 Northwestern Highway, Suite 206, Southfield, MI 48075*

be determined at trial, costs, and statutory attorney fees in accordance with 15 U.S.C. §
1640.

### COUNT II -- Truth In Lending Act (Class Claim 2)

36. Rinke Toyota failed to properly itemize the $40.00 documentary fee imposed on Mr.
Muczynski and the class members as a "finance charge" and instead disclosed that
amount as an amount financed in violation of TILA

37. Consequently, Rinke Toyota failed to disclose the actual "finance charge" and the
applicable APR to Mr. Muczynski and the class members in violation of TILA.

38. Rinke Toyota is liable to Mr. Muczynski and the class members for actual and statutory
damages to be determined at trial, costs, and statutory attorney fees in accordance with
15 U.S.C. § 1640.

### COUNT III — Motor Vehicle Sales Finance Act (Class Claim 3)

39. This claim is brought under the Michigan Motor Vehicle Sales Finance Act ("MVSFA"),
M.C.L. §492.101 *et seq.*

40. Rinke Toyota imposed upon Mr. Muczynski's and the class members charges for service
contracts which were in excess of that expended by Rinke Toyota to acquire the service
contracts.

41. These charges are not authorized by the MVSFA and therefore violate M.C.L. § 492.131.

42. Mr. Muczynski and the class members have suffered the damages by reason of the Rinke
Toyota's violations of the MVSFA.

### COUNT IV — Michigan Credit Reform Act (Class Claim 4)

43. This claim is brought under the Credit Reform Act, M.C.L. § 445.1851 *et seq*, which will

be referred to as the CRA throughout the remainder of this complaint.

44. Rinke Toyota imposed upon Mr. Muczynski and the class members "excessive fees" relative to service contracts sold and financed by Rinke Toyota in violation of the CRA, M.C.L. §445.1851 *et seq.*

45. Mr. Muczynski and the class members have suffered damages by reason of Rinke Toyota's violations of the CRA.

## COUNT V -- Violation of Michigan Consumer Protection Act (Class Claim 5)

46. The facts and claims set forth in this complaint establish that Rinke Toyota has violated the following provisions of the Michigan Consumer Protection Act, M.C.L.§ 445.903(1):

   a. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction;

   b. Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction;

   c. Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer;

   d. Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it;

   e. Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is;

   f. Failing to reveal facts that are material to the transaction in light of

*Lyngklip & Taub Consumer Law Group, PLC*
*24500 Northwestern Highway, Suite 206, Southfield, MI 48075*

representations of fact made in a positive manner;

47.   Mr. Muczynski and the class members have suffered damages by reason of Rinke

Toyota's violations of the CPA.

### COUNT VI — Michigan Consumer Protection Act (Individual Claim)

48.   This claim is brought under the Michigan Consumer Protection Act, M.C.L. 445.901 *et*

*seq.*

*49.*   In relation to the failure of Rinke Toyota to timely pay off Mr. Muczynski's trade in

vehicle, Rinke Toyota has failed to provide the promised benefits of the transaction in

violation o the CPA.

50.   Mr. Muczynski has suffered damages as a result of this violation of the Michigan

Consumer Protection Act.

### JURY DEMAND

Dean Muczynski a jury trial in this case.

### REQUEST FOR RELIEF

that this Honorable Court grant the following relief:

a.   *Assume jurisdiction over this case including all supplemental claims.*

b.   *Certify this matter to proceed as a class action under F.R.Civ.P. Rule 23;*

c.   *Award to Mr. Muczynski and the class members, actual damages and statutory damages to be*

*established at trial and statutory damages along with costs and attorney fees pursuant to 15*

*U.S.C. §1640(a)(1).*

d.   *Award to Mr. Muczynski and the class members damages under the MVSFA, M.C.L. §*

*492.131;*

e. *Award to Mr. Muczynski and the class members actual and statutory damages under the CRA, M.C.L. § 445.1856 along with costs and attorney fees;*

f. *Award to Mr. Muczynski and the class members actual damages for violation of the Michigan Consumer Protection Act, M.C.L. § 445.911(3) et seq along with costs and attorneys fees;*

g. *Grant declaratory and injunctive relief to the class under the Michigan Consumer Protection Act, M.C.L. § 445.911(1);*

h. *Grant such other relief as may be appropriate for the class under Michigan Consumer Protection Act, M.C.L. § 445.911(4);*

i. *Shift the costs of class notice pursuant to M.C.L. 445.911(3).*

Respectfully Submitted,

LYNGKLIP & TAUB
CONSUMER LAW GROUP, PLC

By:

Ian B. Lyngklip (P-47173)
Attorney For Dean Muczynski

Dated: October 9, 2002

10
*Lyngklip & Taub Consumer Law Group, PLC*
*24500 Northwestern Highway, Suite 206, Southfield, MI 48075*