UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MUCZYNSKI,
on behalf of himself
and others similarly situated,

       Plaintiff,

v.

Case No. 02-74041

Hon. Julian Abele Cook

UAG MICHIGAN T1, LLC,
d/b/a Rinke Toyota,

       Defendant.

_____

**DEFENDANT UAG MICHIGAN T1, LLC'S
BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT**



## STATEMENT OF QUESTIONS PRESENTED

Should an affidavit accompanying defendant's motion for summary judgment be stricken where it is attested to by a corporate officer of defendant and supported by the company's business records?

## CONTROLLING AUTHORITY

AGI Realty Service Group, Inc. v. Red Robin International, Inc., 1996 WL 143465 at *4
(6th Cir. 1996).

## I.    INTRODUCTION

In a completely frivolous and baseless pleading, plaintiff Dean Muczynski (Muczynski) has filed a motion to strike the affidavit of Scott Hyatt, the president and general manager of defendant UAG Michigan T1, LLC d/b/a Rinke Toyota (Rinke).  Muczynski's motion is based on his incredible allegations that Hyatt's statements are "not supported by a sound foundation," are "irrelevant, misleading" and are not "supported by any assertion of personal firsthand knowledge of the events described."  Muczynski's motion to strike, p. 5.  That is because, according to Muczynski, "Hyatt has not indicated that he participated in or witnessed the pay-off of plaintiff's trade-in vehicle which involved a check being sent to Honda Finance Corp," he has no "personal knowledge. Muczynski's motion to strike, p. 7.

Muczynski's motion is meritless and completely frivolous and must be denied for the reasons set forth below.

## II.    ARGUMENT

Fed. R. Civ. P. 56(e) states:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

As stated in his affidavit, Hyatt is the president and general manager of Rinke.  It is his business to know the affairs of the company.  The documents attached to the Hyatt's affidavit are undisputedly admissible business records under Federal Rules of Evidence 803.  Moreover, the Sixth Circuit has clearly held that affidavits submitted by corporate officers are sufficient to support a summary judgment motion since such officers are deemed to have personal knowledge of acts of their corporations.  *See* AGI Realty Service Group, Inc. v. Red Robin International, Inc., 1996 WL 143465 at *4 (6th Cir. 1996)(Exhibit 1 hereto)(affidavit of vice president was

properly received because "corporate officers are considered to have personal knowledge of the acts of their corporations and an affidavit setting those facts is sufficient for summary judgment"). Other circuits across the country have also held that the personal knowledge of corporate officers are "reasonably inferred from their positions and the nature of their participation in the matters to which they swore...." Barthelemey v. Air Lines Pilot Ass'n, 897 F.2d 999, 1018 (9th Cir. 1990)(court properly relied on chairman's affidavit, since court could infer chairman's personal knowledge and competence to testify about those matters from his position and the nature of his participation in the matters); Catawba Indian Tribe of South Carolina v. South Carolina, 978 F2d 1334 (4th Cir. 1992); cert denied, 507 U.S. 972; Harriscom Svenska, AB v. Harris Corp., 3F3d 576 (2d Cir. N.Y. 1993)(affidavit based on admissible business records properly considered for a summary judgment motion); Aucutt v. Six Flags Over MidAmerica, Inc., 85 F.3d 1311 (8th Cir. 1996)(summary judgment affidavit of manager at security park comported with personal knowledge requirement even though the manager did not personally observe the incident, when the affidavit was based on the manager's personal knowledge of the reasons underlying the decision). Other federal courts have also held similarly. *See* Turner Associates, Inc. v. Small Parts, Inc., 59 F.Supp.2d 674 (E.D. Mich. 1999)(statements of former sales representative's owner admissible as they were based on sales representative's records); Washington Cent R. Co., Inc. v. National Mediation Board, 830 F.Supp. 1343 (E.D. Wash. 1993) (declaration of executive director of National Mediation Board submitted in support of summary judgment motion in action arising out of dispute under Railway Labor Act and concerning mediator's investigation was properly based on his personal knowledge, although he did not personally participate in the investigation, where declaration was made on his review of records and files); Glenborough New Mexico Associates v. Resolution Trust Corp., 802 F.Supp.

2

387 (D.N.M. 1992)(summary judgment affidavit of current president and member of board of directors of wholly owned subsidiary of failed bank was sufficient where he testified that he had personal knowledge after review of corporate stock records of subsidiary, copies of which were attached to the affidavit and corroborated affiant's statements); <u>Washington Cent. R. Co., Inc.</u> v. <u>National Mediation Board</u>, 830 F.Supp.1343 (E.D. Wash. 1993)(based on personal knowledge of files and records, declarant submitting summary judgment affidavit may testify to acts that she or he did not personally observe but which are described in the record, including requests or statements made by third persons).

Based on the extensive foregoing authority, there can be little or no doubt that Hyatt's affidavit is admissible in support of Rinke's motion for summary judgment. While admittedly Hyatt did not *per se* witness the execution of the documents signed by plaintiff, nor did he personally sign, seal and deliver the pay-off check for plaintiff's trade-in vehicle, Hyatt, in his capacity as president and general manager of Rinke, is deemed to have personal knowledge of Rinke's activities.

In support of his baseless motion, Muczynski cites cases that are distinguishable on their facts. Muczynski relies on <u>Reddy</u> v. <u>Good Samaritan Hospital & Health Ctr.</u>, 137 F.Supp.2d 948 (S.D. Ohio 2000) to assert that an affidavit must be based on "personal knowledge." Rinke does not quarrel with this well-established tenet of law. However, <u>Reddy</u> is completely distinguishable. In <u>Reddy</u>, the court struck the affidavit of a doctor who made various statements regarding meetings that he had not attended and was attempting to provide testimony about the recruitment practices of a company when he was not involved with such practices. <u>Reddy</u>, 137 F.Supp.2d at 957-58. Here, unlike the doctor in <u>Reddy</u> who was not otherwise involved in the management of the company for which he was attempting to give testimony, it is Hyatt's job to

3

be involved in the general business and administration of Rinke. Based on the extensive case law supporting the foregoing proposition, there is little or no dispute that such knowledge acquired in the conduct of the business is deemed to be Hyatt's personal knowledge.

Finally, with respect to Muczynski's concerns about paragraph 3 of the affidavit that are allegedly "irrelevant, misleading, and most importantly, comprises a legal conclusion," Hyatt did not make any conclusions, irrelevant, or misleading, legal or otherwise, in his affidavit that the $40 documentary fee was not a finance charge. All that he stated was a fact – based upon his personal knowledge after having reviewed the document – that there was a $40 documentary fee expressly and prominently displayed on the document, nothing more. Muczynski's fanciful and creative pleading notwithstanding, this Court should not be deterred by the smokescreen plaintiff is attempting to create.

## III.   CONCLUSION

In his effort to withstand summary judgment in the absence of legal authority, Muczynski will apparently resort to anything, including filing a frivolous and baseless pleading. Such gamesmanship should not be tolerated.

As such, Muczynski's motion to strike Scott Hyatt's affidavit must be denied.

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Defendant

By:_____
Norman C. Ankers (P30533)
Aradhana Das ((P60537)
2290 First National Building
Detroit, Michigan 48226
(313) 465-7306

Dated: April 7, 2003

DET_C\545656.2

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MUCZYNSKI,
on behalf of himself
and others similarly situated,

      Plaintiff,

v.

UAG MICHIGAN T1, LLC,
d/b/a Rinke Toyota,

      Defendant.

Case No. 02-74041

Hon. Julian Abele Cook

---

## PROOF OF SERVICE

Theresa Hurst, being first duly sworn, deposes and says that she is employed by Honigman Miller Schwartz and Cohn LLP, and that on April 7, 2003 she caused a copy of a defendant UAG Michigan T1, LLC's brief in opposition to plaintiff's motion for class certification and this proof of service to be served upon Ian B. Lyngklip at 24500 Northwestern Highway, Suite 206, Southfield, Michigan 48075 via U.S. mail.

_____
Theresa Hurst

DET_C\546434.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED